Hardev SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71197.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony C. Payne, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT and TASHIMA, Circuit Judges.

MEMORANDUM **

Hardev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, adopting and affirming the immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

Where the BIA cites its decision in *Matter of Burbano*, 20 I & N Dec. 872, 874 (BIA 1994) and does not express disagreement with any part the IJ's decision, the BIA adopts the IJ's decision in its entirety. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc). We review the IJ's decision for substantial evidence. *See id.* at 1039.

We conclude that none of the IJ's adverse credibility findings is supported by

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

substantial evidence. The IJ improperly relied upon generalized statements in the Country Reports to discredit the petitioner's testimony regarding specific incidents he experienced in India. *See Singh v. Gonzales,* 439 F.3d 1100, 1110–11 (9th Cir. 2006). As to the remaining findings, the IJ either failed to offer specific and cogent reasons for the stated disbelief, or failed to give the petitioner an opportunity to explain an inconsistency. *See id.* at 1105. Finally, mere failure to authenticate documents is not sufficient grounds for an adverse credibility finding. *Wang v. INS,* 352 F.3d 1250, 1254 (9th Cir.2003).

We grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**