**Mohamed Hassan BAKR, Petitioner,**

v.

**UNITED STATES ATTORNEY GEN-ERAL, Alberto R. Gonzales,[1] Re-spondent.**

**No. 05–1778–ag.**

United States Court of Appeals,
Second Circuit.

June 22, 2007.

Jesse Lloyd, Neil A. Weinrib & Associates, LLP, New York, NY, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Asheville, NC, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. CHESTER J. STRAUB, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Petitioner Mohamed Hassan Bakr, a native and citizen of Egypt, seeks review of a July 7, 2004 order of the BIA denying his motion to reconsider its prior denial of his motion to reopen. *In re Mohamed Hassan Bakr,* No. A76 517 518 (B.I.A. July 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the BIA's decision to deny a motion to reconsider for abuse of discretion. *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not exceed its allowable discretion in denying Bakr's motion to reconsider. Bakr's motion to reconsider essentially repeated arguments made in connection with his motion to reopen. "The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected." *Jin Ming Liu,* 439 F.3d at 111. The BIA denied Bakr's motion to reopen as untimely, rejecting Bakr's assertion that the time it took him to file the motion should be equitably tolled due to the ineffective assistance of his original counsel. The BIA reasonably declined to equitably toll the filing deadline for motions to reopen, concluding that new counsel's failure to file a Notice of Appearance with the BIA or to inquire with the BIA about the appeal in a timely fashion amounted to a lack of due diligence. *See Iavorski v. INS,* 232 F.3d 124, 135 (2d Cir.2000). The BIA reasonably refused to consider new counsel's reliance on prior counsel to inform him of the status of the appeal to the BIA, noting that the record demonstrated that Bakr was represented by new counsel before the BIA reached its May 27, 2003 decision denying Bakr's appeal. Accordingly, the BIA did not exceed the bounds of its allowable discretion in denying Bakr's motion to reopen and subsequent motion for reconsideration.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal previously granted in this case is hereby VACATED.