**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARDEV SINGH, | No. 10-70860 |
| Petitioner, | Agency No. A077-424-794 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2014[**]
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior
District Judge.[***]

This case was before us in 2007 when we held the Board of Immigration

Appeals' ("BIA") adverse credibility determination lacked support because it, inter

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert W. Pratt, Senior United States District Judge
for the U.S. District Court for the Southern District of Iowa, sitting by designation.

alia, failed to take into account Petitioner's specific testimony and relied on general country conditions to discredit this testimony. *Singh v. Gonzales*, 233 F. App'x 659 (9th Cir. 2007).

On remand, and after a new hearing in 2008, the Immigration Judge ("IJ") and the BIA again found the Petitioner not credible. They relied principally upon an inconsistency between the Petitioner's 2008 testimony and his testimony four years earlier with respect to how many people were in the room when he was interrogated and physically abused. Careful review of the record reflects, however, that, taking into account the lapse of time between the two hearings, Petitioner's testimony was in fact consistent. He consistently testified that three policemen escorted him from his cell to the interrogation room where there was an inspector, and where there were also additional policemen.

The only possible inconsistency went to the number of additional policemen in the interrogation room, which he repeatedly testified was two, except for one point in the 2004 hearing when he said there was one. The inconsistency did not relate to the time, nature or reason for his persecution. It is at most a minor contradiction that did not go to the heart of his claim, as required under our pre-REAL ID Act law. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004).

2

The IJ and the BIA also point to an inconsistency with respect to contacts with militants, but any inconsistency can be found only within the 2004 record and was not relied upon earlier to support the first adverse credibility finding. Even if it could be resurrected to support a new finding, it relates only tangentially to Petitioner's claim, which is that the police imputed a political opinion to him that he did not hold.

The BIA also noted a possible inconsistency between the 2008 and 2004 testimony regarding interaction with a human rights organization. The record reflects, however, that the Petitioner was providing greater detail in 2008 because the questions were different. Even if the accounts were inconsistent, any inconsistency here did not go to the heart of his claim of past persecution.

Accordingly, this adverse credibility determination is also unsupported by the evidence. The petition for review is **GRANTED**.